UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ANITA LOUISE KENNEDY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO. 2:19-CV-00011-PPS |
| ) | |
| ANDREW M. SAUL, ) | |
| Acting Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Anita Kennedy appeals the Social Security Administration's decision to deny her protective applications for disability insurance benefits and supplemental security income. Kennedy suffers from several severe medical issues including osteopenia, osteoarthritis, and degenerative changes to her spine. [Tr. 132.][1] An administrative law judge found that Kennedy was not disabled and that she had the residual functional capacity (RFC) to perform light work with some restrictions. The ALJ also found Kennedy capable of performing her past relevant work as a counter attendant.

Kennedy sets forth a trio of arguments: (1) the ALJ's RFC assessment is not supported by substantial evidence because it failed to take into consideration her obesity; (2) the analysis of her subjective symptoms was legally insufficient; and (3) the finding that she could perform her past relevant work was not supported by substantial

---

[1] Citations to the record will be indicated as "Tr. __" and indicate the pagination found in the lower right-hand corner of the record found at DE 10.

evidence. Because I find the ALJ's failed to properly consider Kennedy's obesity in formulating her RFC, I will **REVERSE** the ALJ's decision and **REMAND** on this issue.

## Discussion

Let's start by looking at the legal framework. My role is not to determine from scratch whether or not Kennedy is disabled. Rather, I only need to determine whether the ALJ applied the correct legal standards and whether the decision is supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Shideler v. Astrue*, 688 F.3d 306, 310 (7th Cir. 2012); *Castile v. Astrue*, 617 F.3d 923, 926 (7th Cir. 2010); *Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008). My review of the ALJ's decision is deferential. This is because the "substantial evidence" standard is not particularly demanding. In fact, the Supreme Court announced long ago that the standard is even less than a preponderance-of-the-evidence standard. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Of course, there has to be more than a "scintilla" of evidence. *Id.* This means that I cannot "simply rubber-stamp the Commissioner's decision without a critical review of the evidence." *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000). Nonetheless, the review is a light one and the substantial evidence standard is met "if a reasonable person would accept it as adequate to support the conclusion." *Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004).

Kennedy suffers from severe joint pain and skeletal issues. In particular, the ALJ found that Kennedy has the severe impairments of osteopenia which is the medical term for a weakening in her bones. She also has severe impairments of osteoarthritis

and the late-effects of a heal fracture, as well as degenerative changes to the thoracolumbar spine, and bilateral ulnar palmar and right median palmar neuropathies. [Tr. 132.] Kennedy suffers from multiple other non-severe impairments, including a headache disorder, hypothyroidism, hyperlipidemia, hypertension, and obesity. [Tr. 132.] The ALJ determined that Kennedy had the RFC:

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that she is further limited to work requiring no climbing of ladders, ropes, or scaffolds, no more than occasional climbing of ramps and stairs, balancing, stooping, kneeling, crouching, and crawling, no more than frequent handling, fingering, and feeling with the bilateral upper extremities, and which does not require work at unprotected heights, with moving mechanical parts, or motor vehicle operation.

[Tr. 134.]

In analyzing whether this RFC is proper, my focus will be on the ALJ's analysis of Kennedy's obesity. The ALJ does not specifically mention Kennedy's height, weight or BMI in her opinion. But as documented in the record, Kennedy is 5'1" or 5'2" and her weight fluctuated from 172 pounds to 180 pounds. [Tr. 360, 456, 486.] Her BMI was in the range of 31-33.9. *Id.* Of the three levels of obesity, Kennedy would therefore be characterized as the lowest, or Level I (which includes BMIs of 30.0-34.9). SSR 02-1p, 2002 WL 34686281, at *2 (2002). "These levels describe the extent of obesity, but they do not correlate with any specific degree of functional loss." *Id.* During the hearing before the ALJ, Kennedy testified that she gets tired very easily, she has soreness in her hips, back, and hands, and she can't stand or sit for very long. [Tr. 29, 32, 41.]

3

The ALJ found Kennedy's obesity was a non-severe impairment, rationalizing in entirety as follows:

> The evidence indicates that at all times relevant to this decision, the claimant has been obese, however, the claimant's obesity pre-dates her alleged onset date and body-mass index has remained essentially unchanged in the most recent objective medical evidence despite repeated directives by treating physicians to lose weight (Exhibits 1F, 2F, 4F, 7F, 8F). **In light of the foregoing evidence of the longstanding nature of this impairment, it is deemed non-severe in nature**. Nevertheless, the undersigned has considered the exacerbatory impact of the claimant's obese state in assessing impairment severity, Listing level severity, and residual functional capacity consistent with the directives set forth in Social Security Ruling 02-1p on obesity.

[Tr. 133 (emphasis added).] There are several problems with the terse analysis of Kennedy's obesity which require reversal.

First of all, I don't understand how the fact that Kennedy's obesity was "longstanding in nature" results in the finding that it is non-severe in nature, without any further explanation by the ALJ. Isn't obesity, by its nature, often enduring over time? And indeed, the regulations mandate that obesity be viewed over the long run: the ALJ "will consider the individual to have obesity as long as [] her weight or BMI shows essentially a consistent pattern of obesity." SSR 02-1p, 2002 WL 34686281, at *4. How could the fact that claimant has been obese "at all times relevant to this decision" seemingly cut against Kennedy? I guess it is possible that the ALJ thought because Kennedy's weight was relatively stable, and her obesity predated her alleged onset date, the obesity could not be a contributing factor to her alleged disability. But the ALJ failed to explain this, and I am left impermissibly speculating about her thought

4

process. *See* 20 C.F.R. § 404.1545(a) (an ALJ must consider all of the evidence and explain her decision so that it may be meaningfully reviewed.). If the ALJ thought Kennedy's obesity did not result in limitations on her ability to work, she should have explained how she reached that conclusion. *See Arnett v. Astrue*, 676 F.3d 586, 593 (7th Cir. 2012); *Aranda v. Berryhill*, 312 F.Supp.3d 685, 692 (N.D. Ill. 2018) (remanding the claim of an obese plaintiff, noting "[t]here's not much of a logical bridge there.").

This cursory analysis also fails to take into account the very real possibility of obesity exacerbating over time other medical conditions, including Kennedy's hip and knee pain, decreased strength, fractured heel, arthritis, and back issues. [Tr. 66, 98, 99, 357, 367, 370, 373, 385, 398, 494-95, 499, 518-19, 537.] "According to SSR 02-1p, an ALJ should consider the effects of obesity together with the underlying impairments, even if the individual does not claim obesity as an impairment," *Prochaska v. Barnhart*, 454 F.3d 731, 736 (7th Cir. 2006); *see also Arnett,* 676 F.3d at 593 (stating "[a]n ALJ must factor in obesity when determining the aggregate impact of [a claimant's] impairments.").

This is so because "[t]he combined effects of obesity with other impairments can be greater than the effects of each of the impairments considered separately." SSR 02-1p, 2002 WL 34686281, at *1. As the Administration has recognized, "someone with obesity and arthritis affecting a weight-bearing joint may have more pain and limitation than might be expected from the arthritis alone." *Id.* at *6. The Seventh Circuit has also acknowledged that obesity can impact osteoarthritis in weight bearing joints, such as the back and hips, and potentially affect a person's ability to stand and walk. *See Barrett*

5

*v. Barnhart*, 355 F.3d 1065, 1068 (7th Cir. 2004) (noting even if claimant's "arthritis was not particularly serious in itself, it would interact with her obesity to make standing for two hours at a time more painful than it would be for a person who was either as obese as she or as arthritic as she but not both."); *Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009) ("[U]nder S.S.R. 02-1p the ALJ must specifically address the effect of obesity on a claimant's limitations because, for example, a person who is obese and arthritic may experience greater limitations than a person who is only arthritic.").

The ALJ's decision does not reflect that she considered Kennedy's obesity in combination with her other impairments. The ALJ's boilerplate statement that she "considered the exacerbatory impact of (Kennedy's) obese state" in assessing her listing level severity and residual functional capacity is a conclusion; it is not an explanation. [Tr. 133.] In other words, to use a tired phrase, the ALJ has failed to build a logical bridge from the evidence to her conclusion. And indeed, similar types of summary statements about obesity have led to remands in other cases. *See, e.g., Parker v. Colvin*, No. 2:15-CV0316-JEM, 2016 WL 4435622 (N.D. Ind. Aug. 22, 2016) (ALJ's single statement that "the claimant's obesity was considered in relation to the musculoskeletal, respiratory, and cardiovascular body systems listings as required by the Ruling" was not enough to create a logical bridge); *Mangan v. Colvin*, No. 12 C 7203, 2014 WL 1908937, at *10-11 (N.D. Ill. May 13, 2014) (remanding where ALJ failed to fully explain her decision regarding how the claimant's obesity impacted her functional capacity).

Although "this type of error may be harmless when the RFC is based on limitations identified by doctors who specifically noted obesity as a contributing factor to the exacerbation of other impairments," *Pepper v. Colvin*, 712 F.3d 351, 364 (7th Cir. 2013), there is no evidence in this case that the consultant opinions and medical reports that the ALJ relied upon considered Kennedy's obesity in their assessments or in combination with her other impairments. [Tr. 56-64, 66-75, 102-13, 455-59, 486-89.] Although some of the reports noted her BMI, weight, and sometimes height, it is not clear from the record that any of the physicians took Kennedy's obesity into account, either on its own, or in combination with her other impairments. *Id.*

In this case, the ALJ failed to explain how she considered the effects of Kennedy's obesity and omitted explaining how she considered the aggravating effects of Kennedy's obesity on her other medical impairments like her arthritis, foot, hip and back pain. This requires reversal and remand. *See John P. v. Saul*, No. 2:19-cv-00004, 2019 WL 4072118, at *8 (N.D. Ind. Aug. 28, 2019) (remanding where ALJ failed to properly consider obesity in combination with other impairments); *Quintana v. Colvin*, No. 15 C 6417, 2016 WL 3752982, at *4 (N.D. Ill. July 14, 2016) ("remand is necessary to consider the cumulative effects of Plaintiff's [Level I] obesity on his underlying impairments.").

None of this is to say that Kennedy is in fact disabled. That is a matter left, of course, to the ALJ in the first instance. It seems that the ALJ in this case was troubled by Kennedy's statements to Dr. Gore of the University of Illinois Medical Center that she

7

was trying to get disability because "she doesn't wanna work . . ." [Tr. 137.] If true, that's a rather damning admission. So I can certainly appreciate the ALJ's concern. Nonetheless, part of the review process is ensuring that the ALJ is turning square corners in making the disability determination. And that didn't occur here in the ALJ's consideration of Kennedy's obesity.

\* \* \*

Because I am remanding this case for the reasons stated above, I need not discuss the remaining two issues raised by Kennedy. She can raise those issues directly with the ALJ on remand.

### Conclusion

For the reasons set forth above, the Commissioner of Social Security's final decision is REVERSED and this case is REMANDED to the Social Security Administration for further proceedings consistent with this opinion.

**SO ORDERED**.
ENTERED: December 6, 2019.

/s/ Philip P. Simon
**PHILIP P. SIMON, JUDGE**
**UNITED STATES DISTRICT COURT**